IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDEE STOWELL,<br><br>                        Plaintiff,<br><br>     vs.<br><br>OPEN DOOR MISSION,<br><br>                        Defendant. | **8:17CV75**<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff filed her Complaint on March 8, 2017. (Filing No. 1.) She has been granted leave to proceed in forma pauperis. (Filing No. 3.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

      Plaintiff brings this action against the Open Door Mission ("ODM") and its CEO, Candace Gregory ("Gregory"). (Filing No. 1.) Plaintiff moved into ODM at the end of January 2015 to escape an abusive landlord. (*Id*. at CM/ECF pp. 4-5.) She stayed in ODM's emergency shelter for six weeks awaiting a "Permanent Supportive Housing" ("PSH") room. (*Id*.)

      Plaintiff alleges that she has "multiple chemical sensitivities." (*Id*. at CM/ECF p. 5.) She admits that ODM staff announced many times to the women residents not to spray air fresheners or perfumes in their attempt to accommodate Plaintiff's "chemical sensitivities." (*Id*.) She alleges that a small group of women defied the rule. (*Id*.) ODM Director Steve Frazee denied her request to sleep in the separate community room that night, but he allowed another resident to sleep in there the next night. (*Id*.) Plaintiff informed Gregory about the situation. (*Id*.)

Plaintiff alleges that she requested that "intern Pam" not wear perfume at work. (*Id*.) Pam harassed Plaintiff about her reasonable accommodation request and the harassment continued after Plaintiff reported it to ODM social worker Tina Murray ("Murray"). (*Id*.) Plaintiff alleges that over the next several weeks, six to seven women, who applied for rooms after Plaintiff, received a PSH room. (*Id*.) Plaintiff informed Murray and Gregory. (*Id*.) Gregory informed Plaintiff that she needed living quarters elsewhere without shared bathrooms and bedrooms. (*Id*.)

Plaintiff alleges that she later wrote Murray and Gregory and asked if she could sleep in the community room that night if another woman resident sprayed the room like she did the night before. (*Id*.) Plaintiff claims that she got no response and the woman "sprayed up the room just before bedtime." (*Id*.) Staff told Plaintiff, "Steve says this is no place for accommodations and go to another shelter." (*Id*.) Plaintiff states that she told them she suffered abuse at the other shelters and could not go to them. (*Id*.) Staff informed her she could call Steve (presumably Director Frazee). (*Id*.) Plaintiff alleges that when she asked them to call him, staff told her to leave or they would call the police. (*Id*.) Plaintiff states that she had to leave without finding another shelter first. (*Id*.)

Plaintiff seeks compensatory and punitive damages from ODM, primarily because her dismissal from ODM subjected her to six months of "rough shelter environments," which exacerbated her PTSD caused from her abusive landlord. (*Id*. at CM/ECF p. 5.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff asserts claims under the Fair Housing Act ("FHA"), *see* 42 U.S.C. §§ 3601, *et seq*. (Filing No. 1 at CM/ECF p. 3.)[1] The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of - - (A) that person . . . ." 42 U.S.C. § 3604(f)(2)(A). Several courts have concluded that temporary homeless shelters are "dwellings" under the FHA. *See Hunter on behalf of A.H. v. D.C.*, 64 F. Supp. 3d

---

[1] Liberally construed, Plaintiff may also assert claims under Title III of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. §§ 12181, *et seq*., however the only remedy available under Title III of the ADA is injunctive relief; monetary damages are not available. 42 U.S.C. § 12188. Plaintiff seeks only monetary relief.

158, 174 (D.D.C. 2014) (citing cases). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling . . . ." 42 U.S.C. § 3604(f)(3)(B). The term "handicap" is defined as a person with "(1) physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such impairment, or (3) being regarded as having such an impairment . . . ." 42 U.S.C. § 3602(h).

Plaintiff's allegations are insufficient to establish that she has a handicap to generate any need for reasonable accommodations. Plaintiff implies that she is handicapped because of her "multiple chemical sensitivities." However, Plaintiff does not allege that her "multiple chemical sensitivities" substantially limit one or more of her major life activities. And, occasional allergic or asthmatic reactions have not been found to rise to this level.[2] *Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 861–62 (S.D. Tex. 2008) (citing *Muller v. Costello*, 187 F.3d 298 (2d Cir. 1999) (finding that plaintiff who suffered from severe bronchitis with a strong asthmatic component that made it difficult to breathe when exposed to cigarette smoke, but who demonstrated substantial physical activity off the job without encountering breathing problems, was not substantially limited in a major life activity); *Land v. Baptist Med. Ctr.*, 164 F.3d 423, 425 (8th Cir. 1999) (holding that plaintiff's severe allergic reaction to peanuts did not substantially limit the major life activity of breathing when the plaintiff's ability to breathe was "generally unrestricted" when not exposed to peanuts); *Zirpel v. Toshiba Am. Info. Sys., Inc.*, 111 F.3d 80, 81 (8th Cir. 1997) (holding that although breathing was hampered during an actual panic attack, the disorder did not substantially limit the plaintiff's major life activity of breathing where the attacks were infrequent and

---

[2] Prior to 2008, the FHA and the ADA shared nearly identical definitions for "handicap" and "disability." As the FHA definition of handicap was not correspondingly amended when the amendments were made to the ADA in 2008, pre-amendment ADA cases continue to guide the interpretation of FHA cases. *See Tuman v. VL GEM LLC, 2017 WL 781486, at *5 (S.D.N.Y. Feb. 27, 2017)*.

very manageable); *Murphy v. Bd. of Educ. Of Rochester City Sch. Dist.*, 273 F.Supp.2d 292, 315 (W.D.N.Y. 2003) ("[m]any courts addressing the issue ... have found that asthma does not substantially limit the particular plaintiff's ability to work or breathe and therefore does not constitute a disability under the ADA") (citing *Castro v. Local 1199, Nat'l Health and Human Servs. Employees Union*, 964 F.Supp. 719, 724 (S.D.N.Y. 1997)); *Gits v. Minn. Mining & Mfg. Co.*, 2001 WL 1409961 (D.Minn. 2001) (finding that a plaintiff's severe breathing difficulties which only occurred when exposed to a particular chemical allergen did not substantially limit the plaintiff's ability to breath within the definition of disability under the ADA); *Marshall v. AT & T, Inc.*, 1996 WL 929599, at *3 (N.D.Tex. 1996) (finding that plaintiff's "breathing impairment is, as a matter of law, not a 'disability' since it is not permanent in nature"); *Emery v. Caravan of Dreams, Inc.*, 879 F.Supp. 640, 642–43 (N.D.Tex. 1995) (finding that plaintiff's allergy to cigarette smoke did not qualify as a disability within the meaning of the ADA because it did not substantially impair her ability to work, recreate, breathe, or have a normal life)).

On its own motion, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file an amended complaint no later than **May 17, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint that states a claim upon which relief may be granted by **May 17, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **May 17, 2017**, check for amended complaint.

Dated this 17th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge